UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**LESLIE STANLEY SMITH, Jr.**                                                **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 4:15-CV-P142-JHM**

**DAVID OZBOURNE et al.**                                             **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Leslie Stanley Smith, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a convicted inmate, sues in their individual and official capacities the following Daviess County Detention Center (DCDC) employees: Jailer David Ozbourne and Officers Mattingly and Dewitt. He also sues Advanced Correctional Health Care, which according to the complaint is the "medical staff" at DCDC. He states that on September 8, 2015, he was brought to the DCDC on a child support warrant at which time he had a "shattered elbow/broken arm." He states that he missed his scheduled surgery with an orthopedic surgeon on September 10, 2015. He states, "I got my surgery on 10-7-15 three scheduled surgerys I missed. My rights were violated. I laid in medical cell [] for 30 days in pain. [I]t is my understanding I have a right not to be in pain."

Plaintiff further alleges that on September 9, 2015, Defendant Mattingly came into his cell for a head count. Plaintiff states that he was on the floor under the kiosk asleep when

Defendant Mattingly awoke him by kicking his "bad arm." Plaintiff asserts, "It is my understanding that a deputy is not to put there hands on a inmate touch a inmate in any form."

Finally, Plaintiff alleges that on October 4, 2015, Defendant Dewitt came into the medical cell around 1:00 a.m. "waking me up by hitting my leg. My rights were violated again[.] [I]t is my understands that a deputy is not supposed to touch you in any form."

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim related to missed surgery*

Plaintiff alleges that when he was brought to the DCDC on September 8, 2015, he had a "shattered elbow/broken arm" and that he missed his scheduled surgery on September 10th. He states, "I got my surgery on 10-7-15 three scheduled surgerys I missed. My rights were violated. I laid in medical cell [] for 30 days in pain." Although Plaintiff's allegations are not entirely clear, it appears that, rather than have surgery two days after he was arrested, his surgery was delayed for 30 days. Presumably, this claim is brought against Defendant Advanced Correctional Health Care, which Plaintiff alleges operates as the "medical staff" at DCDC.

A private corporation that performs a public function, such as contracting with the state to run a prison program, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (per curiam). For a § 1983 claim to lie against a private corporation, it must act "pursuant to some official policy or custom." *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003). Here, Plaintiff does not allege that any policy or custom of Defendant Advanced Correctional Health Care caused the alleged constitutional violation; accordingly, he has no claim against the corporation.

However, even if the Court were to presume that Plaintiff had alleged a custom or policy of Defendant Advanced Correctional Health Care, Plaintiff's claim related to his delayed surgery still would fail to state a claim upon which relief may be granted. "[M]ere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment only if the plaintiff complains that he suffered a detrimental effect to his health as a

consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005) (citing *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)).

Furthermore, an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay. *See Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 778-79 (6th Cir. 2012). Thus, for example, in *Loukas v. Gundy*, 70 F. App'x 245 (6th Cir. 2003), the Sixth Circuit Court of Appeals affirmed the district court's dismissal on initial review for failure to state a claim where a prisoner had to walk on a broken foot for 24 days without crutches or pain medication because of a delay in having his foot x-rayed. Loukas did not allege or show that he suffered any detrimental effect from the delay in treatment, and the Sixth Circuit held that the fact that Loukas suffered some discomfort before he received the pain medication was not sufficient to state an Eighth Amendment claim. *Loukas v. Gundy*, 70 F. App'x at 247.

Here, Plaintiff has alleged no detrimental effect from the alleged delay in surgery except the continuation of his pain. The Court finds that he has failed to state an Eighth Amendment claim upon which relief may be granted.

### *Claims related to being hit and kicked*

Plaintiff claims that his constitutional rights were violated when Defendants Mattingly and Dewitt each woke him on a single occasion by kicking or hitting him. As an incarcerated prisoner, Plaintiff's principal substantive rights are guaranteed by the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crimes. To establish a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, the offending conduct must reflect an unnecessary and wanton

4

infliction of pain. *See Ingraham*, 430 U.S. at 670. Plaintiff must satisfy both an objective and subjective test to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991).

To meet the objective component, the prisoner must be subjected to a serious deprivation. *Wilson*, 501 U.S. at 298. The federal courts recognize that an Eighth Amendment claim based on the excessive use of force must allege more than a simple assault and battery. *See, e.g.*, *Leary v. Livingston Cty.*, 528 F.3d 438, 445 (6th Cir. 2008); *Pruett v. Hatchett*, 292 F. App'x 408, 409 (5th Cir. 2008) (per curiam). Thus, the objective component of the Eighth Amendment cannot be satisfied by a mere unwanted touching. *See Walters v. Corr. Corp. of Am.*, 119 F. App'x 190, 192-93 (10th Cir. 2004); *Samuels v. Hawkins*, 157 F.3d 557, 558 (8th Cir. 1998) (per curiam); *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237, at *1 (6th Cir. Jan. 31, 1996) ("[N]ot every push or shove, even if it appears to be unnecessary, violates a prisoner's constitutional rights."). Plaintiff's allegations that Defendants Mattingly and Dewitt each woke him on one occasion by hitting or kicking him do not come close to satisfying the objective component of an Eighth Amendment claim. These claims, likewise, will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's complaint by separate Order.

Date: March 4, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
4414.009

5